## Mervine *v.* White.

### *Detinue for Mule.*

1. *What constitutes mortgage.* — A valid mortgage of personal property may be created by a writing which uses the word "*mortgage*" only, without any other words of conveyance; nor is it necessary that it should contain a power of sale, or authorize the mortgagee to take possession on default being made in the payment of the secured debt.

2. *When mortgagee may maintain detinue.* — A mortgagee of personal property, after the law day has passed, having the legal title, and the right to the immediate possession, may maintain detinue against the mortgagor, although the mortgage itself contains no provision authorizing him to take possession.

APPEAL from the City Court of Montgomery.

Tried before the Hon. JOHN D. CUNNINGHAM.

This action was brought by Laura Missouri Mervine, against George White, to recover a mule; and was commenced on the 17th day of April, 1872.  The complaint was in the form prescribed by the Revised Code, p. 674, "For the recovery of chattels in specie;" and the only plea was the general issue. On the trial, as the bill of exceptions shows, the plaintiff read in evidence to the jury, without objection, the written instrument, or mortgage, under which she claimed the mule, and the note it was given to secure; and she also proved the identity of the mule, the defendant's possession at the commencement of the suit, and the value of the hire or use from the commencement of the suit.  The mortgage and note were in the following words : —

"The State of Alabama, Montgomery County.  Know all men by these presents, that to better secure the payment of a note made by me to Laura Missouri Mervine, bearing date with this instrument, and due the 1st day of May, 1870, I do hereby mortgage to the said Laura Missouri Mervine one dark bay mare mule, of which I am possessed in title.  If the said note shall be paid at maturity, then this instrument to be null and void ; otherwise to remain in full force and effect.  Witness my hand and seal, this 28th day of April, 1870."  (Signed by George White, by making his mark, and attested by two witnesses.)

"$200.   Montgomery, Ala., April 28, 1870.  On the first day of May, 1870, I promise to pay Laura Missouri Mervine the sum of two hundred dollars, value received."  (Signed and attested in like manner with the mortgage.)

This being all the evidence, the court instructed the jury, "that the plaintiff could not recover in this action." The plaintiff excepted to this charge, and was thereby compelled to take a nonsuit; and she now assigns the charge of the court as error, and moves to set aside the nonsuit.

SAYRE & GRAVES, for appellant.

HARRIS GUNTER, *contra.*

B. F. SAFFOLD, J. — [After stating the facts.] The introduction of the writing claimed to be a mortgage, and of the note, without objection, presupposes proof of their execution, or the admission of the defendant to that effect. The writing is clearly a mortgage, which "is a contract, whereby a debtor grants or conveys some estate or interest in land, or transfers certain goods and chattels to his creditor, subject to a proviso, that if the debt is discharged by a day named, the grant or transfer shall be void, and the debtor shall be entitled to repossess himself of his lands, or of his goods and chattels, and hold and enjoy them as if the grant or transfer had not been made. By a contract of this description, the right of property in the thing *mortgaged* passes to the creditor, subject to be divested by the payment of the debt at the appointed time." Add. on Contracts, 291. In this description, the word "mortgaged," in the latter part, is used to denote the definition given to it in the first part. "Mortgage" is a legitimate term, expressing the nature of the contract, as clearly as the terms "deed," and "grant," or "gift," which are the very words used to convey the property in the instruments to which they give name. No form of words to constitute a mortgage is prescribed, and no circumlocution defining the contract intended more accurately than the word itself can be employed.

2. A mortgagee, whether of personalty or of real property, when the legal interest has been transferred to him, stands, in a court *of law*, in the same situation as if he were the absolute purchaser. 1 Chit. Gen. Prac. 467. The legal title to personal property, and the right to the immediate possession thereof, are sufficient to support the action of detinue. 1 Chit. Plead. 122; *Hopkins* v. *Thompson*, 2 Port. 433; *Morrison* v. *Judge*, 14 Ala. 182; *Bell* v. *Pharr*, 7 Ala. 807.

As the defendant offered no evidence, we cannot see wherein plaintiff failed to make out her case.

The judgment is reversed, and the cause remanded.