# Glover *v.* McGilvray.

### *Detinue for Mule.*

1. *Parol mortgage.*—As between the parties, a valid mortgage of a chattel may be created by parol, and no particular form of words is necessary : a verbal agreement between the seller and the purchaser of a mule, that the former shall have a mortgage on the mule, if the note for the purchase-money is not paid at maturity, is a valid parol mortgage.

2. *Parol evidence of terms outside of written contract ; subsequent modification of contract.*—Where the purchaser of a mule, having executed and delivered his note for the price, and having received the mule, "*immediately after*" the execution of his note, and as he was about to leave with the mule, verbally agreed " with the seller that the latter " should have a mortgage on the mule to secure payment of the note;" *held*, that this agreement, being outside of the contract shown by the note, might be proved by parol, and was also valid as a subsequent modification of that contract.

APPEAL from the Circuit Court of Barbour.
Tried before the Hon. H. D. CLAYTON.

This action was brought by Frank P. Glover, against James McGilvray, to recover a mule, together with damages for its detention ; and was commenced on the 6th January, 1879. The defendant pleaded *non detinet*, and issue was joined on that plea. "On the trial," as the bill of exceptions states, " the plaintiff testified, as a witness for himself, that he bought the mule now sued for, from the defendant, on the 19th October, 1878, and was to pay $68 for it on the 1st January, 1879 ; that he gave the defendant his note for that sum, but did not pay it at maturity, and has not yet paid it, though the note is now in his possession; that the defendant sent it to his house, a few days after it became due, and left it there with plaintiff's wife ; that the defendant, about the same time, got possession of said mule without his consent, and has ever since held it, and had it at the commencement of this action ; that the value of the mule was $75, and the value of its hire during its detention, up to

the time of the trial, was $10." (And the plaintiff then introduced the said note for $68, which was dated October 19, 1878, and payable on the 1st January next after date, to James McGilvray, or bearer.) "The defendant then testified, in his own behalf, that immediately after the sale of the mule by defendant to plaintiff, and after the execution and delivery of said note, and as plaintiff was about to leave with the mule, plaintiff verbally agreed with him that he should have a mortgage on the mule, to secure the amount due for the mule, and that if he did not pay the note promptly, on the first day of January, 1879, he would return the mule to the defendant, and the defendant might take him back. The plaintiff objected to this evidence, and moved to rule it out; but his objection and motion were overruled by the court, and he excepted.

"This being all the evidence, the court charged the jury, among other things, that after the consummation of the contract, the parties still had a right to modify or change it; and if they believed, from the evidence, that the plaintiff, after the sale and the execution of the note, then and there agreed that, for security to defendant, the mule was to remain his property, and that the defendant should have the right to take the mule back, then the plaintiff is not entitled to recover. The plaintiff excepted to this charge, and requested the following charge, which was in writing: 'Even if the jury believe, from the evidence, that immediately after the sale and delivery of the mule to plaintiff, and the execution and delivery of the note by plaintiff to defendant, the parties verbally agreed that the mule should remain the property of the defendant until said note was paid, this does not constitute a verbal mortgage on the mule, and does not authorize the defendant to take and keep the mule.' The court refused this charge, and the plaintiff excepted."

The admission of the evidence objected to, the charge given, and the charge refused, are now assigned as error.

J. M. McKLEROY, for appellant.—The note shows the entire contract between the parties, and parol evidence could not be received to vary or add to its terms. If any verbal agreement, as the defendant testified, it was "immediately after" the execution of the note, and, hence, was part and parcel of the same contract; and not being included in the writing, no effect can be given to it. When an asserted verbal contract follows "immediately after" the execution of a written contract between the same parties, they cannot be construed as two separate contracts. That the evidence ought not to have been received, see 2 Parsons on Notes and Bills, 501,

and authorities cited in note *b; Ware v. Cowles,* 24 Ala. 446 ; *Hart v. Clark,* 54 Ala. 490 ; *S. C.,* 49 Ala. 86 ; 3 Smith's L. C. 729 ; *Wright.v. Remington,* cited in The Reporter, September 17, 1879, p. 369.

JOHN A. FOSTER, *contra.*—The original contract was complete in itself, and no effort was made to vary or add to its terms. The subsequent verbal agreement was simply a new contract, or a modification of the original contract; and its words created a valid parol mortgage.

BRICKELL, C. J.—As between the parties, a mortgage of chattels may be created by parol, and will be valid. No special words are necessary to its creation. It is enough that the transaction clearly indicates an intention and agreement that the chattel shall stand as a security for a debt. *Morrow v. Turney,* 35 Ala. 131. Whether it was part of the contract of sale, or a subsequent agreement, that the defendant should have a mortgage on the mule, and that the plaintiff would return it to him, if the note for the purchase-money was not paid when due, a mortgage was created, and the defendant had the right to the possession of the mule on the failure of the plaintiff to pay the debt. It was not an agreement to give a mortgage in the future, the parties intended, but a present security, to the operation of which, no other or further act was necessary.

Though a note in writing was given for the purchase-money, not expressing that there was a security for its payment, the oral evidence of the mortgage was not inconsistent with, or repugnant to it. Contracts may rest partly in writing, and partly in parol; and when but a part of the contract is reduced, or intended to be reduced to writing, the independent part, not incorporated in the writing, may be proved by parol.—2 Whart. Ev. § 1015. Besides, the evidence tended to show that the mortgage was created subsequent to the giving of the note, and was a separate contract. The parties could by parol modify the contract, and such modification needs no new consideration to support it.—*Thomason v. Dill,* 30 Ala. 444.

There is no error in the record, and the judgment must be affirmed.