# Jackson, Morris & Co. v. Rutherford.

## *Detinue.*

1. *Detinue; when plaintiff must have legal title.*—Where the plaintiff in an action of detinue has never had the actual possession, he must have the legal title in order to entitle him to recover.

2. *Mortgage; when legal title not conveyed thereby.*—A parol agreement by a debtor, that certain personal property belonging to him "should stand good for his indebtedness," not accompanied by a delivery or change of possession, does not convey the legal title, but creates an equitable lien merely, which will not support an action of detinue.

APPEAL from Chilton Circuit Court.
Tried before Hon. JOHN HENDERSON.
The facts are sufficiently stated in the opinion.

W. A. COLLIER, for appellant.

WILSON & WILSON, *contra.*

[Jackson, Morris & Co. v. Rutherford.]

SOMERVILLE, J.—The action is one of *detinue* brought by appellants against the appellee for certain personal chattels. The plaintiffs claimed title under a verbal or parol mortgage, by which the defendant stipulated that the property "should *stand good for his indebtedness*" to them, which is shown to have been something over the sum of three hundred dollars. There was no change in the possession of the chattels by delivery, they still remaining in the hands of the defendant. The court charged the jury that the legal title did not pass to the plaintiffs under the agreement, and that no recovery could be had on it in this action.

It is evident that to maintain the action of detinue, the plaintiff must have a general or special property in the goods sought to be recovered, and the right to its immediate possession; and in all cases where he has *never had the actual possession*, he *must have the legal title* in order to entitle him to a recovery.— *Reese v. Harris*, 27 Ala. 301; 1 Brick. Dig. 572, § 7. Of course against a mere wrong-doer or trespasser, not showing any property in himself, he may recover on his previous possession without more. — *Bryan v. Smith*, 22 Ala. 534; *Gafford v. Stearns*, 51 Ala. 434.

The whole question in the case then is, whether the verbal mortgage under consideration conveyed the *legal title* to the plaintiffs. Our opinion is, very clearly, that it did not, and that the ruling of the court on the subject was free from error. There can be no question about the fact, that the agreement constituted a mere equitable lien on the chattels. The stipulation that the property should "*stand good*" for the debt of defendant was the same in effect as a verbal hypothecation of the property as a security for the debt. It was in the nature of an *equitable*, rather than of a *legal* mortgage. The distinction between the two is well settled, and their ear-marks easily distinguishable. Every valid agreement for a *lien* or *charge* on property, with the intention of creating a security for a debt, which would exist without delivery of the property to the creditor, constitutes an equitable mortgage.—*Donald v. Hewitt*, 33 Ala. 534; *Butts v. Broughton*, 72 Ala. 295. Such agreements do not operate to convey a legal title, the intention being merely to create a charge *in rem*, which can be enforced only by a resort to a court of equity, with its exclusive jurisdiction of trusts. — *Fletcher v. Morey*, 2 Story, 555; *Dunning v. Stearns*, 9 Barb. (N. Y.) 630; *Newlin v. McAfee*, 64 Ala. 357. It has often been held that such a lien, without *possession* acquired under it, will not support an action of *detinue*, trover or trespass.—*Grant v. Steiner*, 65 Ala. 499; *Rees v. Coats*, 65 Ala. 256; *Elmore v. Simon & Bro.*, 67 Ala. 526; *Gafford v. Stearns*, 51 Ala. 434.

[Jackson, Morris & Co. v. Rutherford.]

There can be no *legal* mortgage of chattels, however, without a transfer of *the legal title* to the mortgagee, such as will become absolute on default. Such a mortgage is something more than a mere lien, or security. It is rather in the nature of a conditional *sale*, and operates to transfer such a legal title to the mortgagee, that to be divested the condition must be discharged in full.—Jones' Chat. Mortg. §§ 1, 9. It differs from a mere *pledge*, in which the *possession* is parted with, and the *title* retained.—*Sims v. Canfield*, 2 Ala. 555; *Brown v. Bement*, 8 Johns. (N. Y.) 75. It is true that no technical words are necessary to constitute a mortgage which would be good at *law*, any more than in *equity*. Any words would be sufficient which serve to show *a transfer* of the mortgaged property as security for a debt. "Whatever language may be used, if it shows that the parties intended a sale of the chattels as security, the instrument will be construed to be a [legal] mortgage."—Jones' Chat. Mort. §§ 1, 8, 9. This we take to be the decisive test, and nothing less will answer the purpose.—Herman's Chat. Mortg. § 96; *Toomer v. Randolph*, 60 Ala. 356; 4 Kent's Com. 136; 1 Washb. Real Prop. 475; 4 Waits' Act. & Def. 512. In *Mervine v. White*, 50 Ala. 388, the word *mortgage* was held to import a conveyance of the legal title; and so in *Glover v. McGilvroy*, 63 Ala. 508. In *Ellington v. Charleston*, 51 Ala. 166, an instrument was held to operate as a legal mortgage which declared that the creditor "should have *a lien*" on a horse, the property of the debtor, "*to have and to hold*" until the debt was paid. This ruling can be sustained only on the theory that the *habendum* clause operated to carry the legal title.—Jones' Chat. Mortg. § 12. In some of our decisions expressions are used which seem to confound the distinction between legal and equitable mortgages, but there is no case in our reports which really conflicts with the principles declared in this decision.—*Glover v. McGilvroy*, 63 Ala. 508; *Brown v. Coats*, 56 Ala. 439; *Stearns v. Gafford*, 56 Ala. 544.

The decisions are numerous which sustain the view that the words used create a mere *equitable* lien. A stipulation that certain property should "be *bound for* the rent" of a hotel leased by the mortgagor has been so construed.— *Wright v. Bircher*, 5 Mo. App. 322. So an agreement that the rent "should be *paid before the crops are removed* from the premises."—*Weed v. Standley*, 12 Fla. 166. A contract that a person "should have and maintain a lien" was held to be an equitable mortgage and enforced as such, in *Dunning v. Stearns*, 9 Barb. (N. Y.) 630, *supra;* and a similar ruling was made in *Donald v. Hewitt*, 33 Ala. 534, where the contract provided that workmen should "retain a special lien" on a steam-boat. It is only in those States where the distinction between law and

equity has been abrogated by statute, that different views have been adjudged to prevail. — Jones' Chat. Mortg. §§ 12, 13. The two juridical systems being entirely distinct in this State, it is important that there should be a studied absence of confusion alike in their respective principles and practice.

The judgment of the circuit court must be affirmed.