[Ross & Co. v. Perry.]

# Ross & Co. v. Perry.

105  533|
131   70|
131  546|
105  533|
135  625|

*Bill in Equity to enforce Equitable Lien.*

1. *Equitable lien or mortgage; when enforceable in equity for building material.*—Where, upon the purchase of lumber and material to be used in building a house, the purchaser gives to the seller a note which recites that it was given for lumber and material to be used in building the maker's house, and which contains a stipulation that "the ownership and title of said lumber and material is to remain" in the seller until the note is paid, and the lumber and material were used by the maker in building his house, the seller of the lumber and material, to whom the note was given, has an equitable mortgage upon the maker's house and the lot of land upon which it is situated, the lien of which equitable mortgage can be enforced by a bill in equity containing proper averments.

2. *Same; same; enforceable against homestead, and regardless of maker's solvency.*—In such a case, the seller of lumber and material is entitled to the enforcement of his equitable lien notwithstanding the house and lot constitute the homestead of the maker, and regardless of whether he is solvent or not.

3. *Same; same; subsequent voluntary conveyance to wife no defense.*— Where a bill is filed by the seller of lumber, which was used in the purchaser's house, to enforce upon the house and lot the lien of an equitable mortgage, which was secured by the contract of sale as evidenced by a note executed at the time of purchase, it is no defense that subsequent to the execution of the note, and after the house was built the purchaser conveyed the house and lot to his wife in consideration of love and affection; the wife being in such a transaction a mere volunteer, and taking subject to the equitable mortgage of the complainant.

APPEAL from the Chancery Court of Barbour.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed on July 23, 1892, by James Ross and C. R. Ross, as partners, doing business under the firm name of Ross & Company, against Charles L. Perry and wife. The bill averred that the respondent, Charles L. Perry was indebted to the complainants in the sum of $235.35, as evidenced by two notes executed by him to the complainants on March 14, 1889 ; that the consideration for said notes was the sale and delivery of lumber and material to Charles L. Perry

by complainants, which lumber and material were used by Perry in the erection of a house on a lot which was owned by him, and that by the terms of the contract of purchase, the title to the lumber and material was to remain in the complainants until the notes were fully paid. The bill further averred that on August 11, 1888, Charles L. Perry executed to his co-respondent, Neva W. Perry, who was his wife, a deed, conveying to her a house which was built from the lumber and material furnished by complainant, and the lot on which it was situated, on the recited consideration of love and affection; that although the deed was executed and delivered on August 11, 1888, it was not recorded until August 6, 1889; that at the time of the execution of the two notes to the complainant on March 14, 1889, the deed from Charles L. Perry to his wife was not recorded, and complainants had no notice or knowledge, actual or constructive, of the the existence of said deed, or that a deed had been executed, but believed that the said lot belonged to Charles L. Perry, and that they never learned to the contrary until after the maturity of the note which was first to be paid, to-wit in 1891.

The prayer of the bill was that the chancellor will "order, adjudge and decree that the lumber and material now in and constituting said house is the property of the complainants, and grant unto orators such relief as will enable them to get said property or collect the amount due under said written instrument, either by the sale of said lot and improvements; or if that be unjust, that your honor will appoint a receiver to take immediate possession of said lot with its improvements, to rent or lease the same for a sufficiently long time to extinguish the said debt and the costs and attorney's fees in the cause."

It was shown by the notes, which were attached as exhibits to the bill, that one was for $117.65, payable on the first of April, 1891, and the other was for $117.70, payable on the first of April, 1892. In said notes the maker, Charles L. Perry, waived his claim to exemption, and agreed to pay all expenses incurred in collecting the same, including reasonable attorney's fees, and each note also contained the following stipulation: "This note being given to said Ross & Company as per

contract for lumber and material to build my house on Cherry Street, it is hereby agreed that the ownership and title to said lumber, &c., is to remain in said Ross & Company until this note is paid.''

The respondents filed their answer, in which they admitted that Charles L. Perry was justly indebted to the complainants in the several amounts as shown by the notes, which were made exhibits to the bill; but further answered that in the spring and summer of the year 1887, Charles L. Perry purchased from the complainants some lumber, which he used, together with other lumber purchased from different parties, in the erection of his house in the city of Eufaula; that when this lumber was purchased from the complainants, C. L. Perry was in the employ of complainants, and continued in their employment until the fall of 1889; that it was understood between Perry and the complainants that said lumber bought by him from them should be paid for by his labor and services rendered them, and that he had paid all of said account in full; and that when said notes, attached as exhibits to the bill, were executed, they represented the amounts still due the complainants on his (Perry's) general account with them, not including any lumber or material for his house; that when the lumber was purchased from the complainants in 1887, it was sold to said Perry on his own account and credit, and the note which was executed therefor by Perry has been fully paid for by him, before the commencement of this suit. The answer further averred that while Charles L. Perry executed the deed to his wife, Neva W. Perry, on August 11, 1888, which was not recorded until August 6, 1889, the deed "was not kept off the record for any bad or impure motive;" but "that he executed the deed to his wife in order to secure to her a home, and for no other reason." The other facts of the case are sufficiently stated in the opinion. On the final submission of the cause, on the pleadings and proof, the chancellor decreed that the complainants were not entitled to the relief prayed for, and dismissed their bill. Complainants appeal from this decree, and assign the same as error.

A. H. MERRILL, for appellant.—The lumber is the property of Ross & Co., and being affixed to the realty

by having been used in the erection of the house, no action at law can be maintained. Appellee and his wife being insolvent, the value of the lumber can not be recovered. Therefore, the only remedy is the one invoked in this case.—*Ware v. Hamilton Shoe Co.*, 92 Ala. 145 ; *Ware v. Seasongood*, 92 Ala. 152 ; *Hoot v. Sorrell*, 11 Ala. 386 ; *Nance v. Nance*, 84 Ala. 375.

G. L. COMER, *contra*.—The deed from Perry to his wife, although not recorded for a year after its execution, is valid and binding as between the parties, and as against the debt of Ross & Co., which is a simple contract debt and was created in March, 1889, seven months after said deed had been executed and delivered by said Perry to his wife; and in order for said deed to be set aside, actual fraud on the part of the grantor must be alleged and proved by Ross & Co. There is no fraud whatever proved in this case, and the decree is without error.— Code of 1886, § 1810 ; *Chadwick v. Carson*, 78 Ala. 116 ; *Tutwiler v. Montgomery*, 73 Ala. 263; *Wood v. Lake*, 62 Ala. 489 ; *Tryon v. Flournoy*, 80 Ala. 321; *Mobile Sav. Bank v. McDonnell*, 87 Ala. 736 ; *McGhee v. Imp. & Trad. Bank*, 93 Ala. 192.

McCLELLAN, J.—The notes executed by C. L. Perry on March 14, 1889, recite that they are given for lumber and material to build the maker's house. Ross teitifies that his firm supplied lumber and material to the value of the amount of the notes to Perry, to be used in building said house, and that such lumber and material were so used. Thompson corroborates Ross to the extent of testifying that lumber and material were so supplied and used. The defendant, Perry, admits that lumber to the value of one hundred, eighty-five and 70-100 dollars was so supplied and used. He says, however, that he has paid for it; and puts in evidence a note which he executed to complainants on November 18, 1887, and payable November 29, 1887, for said sum of $185.70, which he insists he paid and took up. This note, like those of March 14, 1889, recites that it is given for lumber and material to be used in building said house, and also like the latter contains an agreement that "the ownership and title of said lumber &c. is to remain in said Ross & Co. until this note is paid." And

he says further, that the notes of March 14, 1889, their recitals to the contrary notwithstanding, were not given for the price of lumber sold him by the complainants, but in settlement of a balance due from him to them on general account. But when we take into consideration the positive evidence of Ross, the recitals of the notes of March 14, 1889, the admission by Perry that he bought lumber which he used in building his house upon an agreement that the title should remain in Ross & Co. until paid for, and the fact that the $185.70, which he admits having owed for lumber, with interest to the maturity of the notes of 1889, amounts with close approximation to the gross sum evidenced by those notes, and his further admission, aside from the writings, that that he now owes complainants the amounts stated in said notes, we can not reasonably escape the conclusion that the notes now held by complainants were given in renewal of the note of 1887, upon the same consideration and with identical agreement for the reservation by Ross & Co. of title to the lumber constituting the consideration until the same was paid for.

Here then we have title in complainants to lumber which was sold by them to the defendant, Charles Perry, to be used by him in the erection of this house, which was so used, and which now constitutes a part of said house. Ross & Co. could not maintain detinue for the lumber, because it has been attached to and has become a part of defendant's realty. Nor could they maintain trover for there has been no conversion of the lumber by the defendant : It has been used and applied by him according to the terms of the sale of it to him. They never had a material-man's lien under the statute, because they never parted with the title to the property. Ross & Co. thus retaining title, and thus cutting themselves off from all remedies at law as for a conversion of their property and for its recovery *in specie* and to subject it under the mechanics' and material-men's statutes, must be held— and such was the manifest contemplation and intention of the parties—to have so retained the title as a security for the payment of the price the defendant Charles Perry agreed to pay them for it. That clear intent and meaning of the contract can only be effectuated—no force can be given to the contract except—by holding that this title in Ross & Co. to the lumber, with which in great

part the house was constructed, was intended to constitute and did constitute an equitable lien or mortgage in their favor upon the house itself, and, of course, upon the lot of land upon which it is situated. The contract itself, taken with the fact that the lumber was in fact used according to its terms in building the house, evidences every element of an equitable mortgage; and it can be so declared and enforced in this case under averments of the bill and the prayer for general relief.—*Donald & Co. v. Hewitt*, 33 Ala. 534; *M. & C. P. R. R. Co. v. Talman et al.*, 15 Ala. 472; *Newlin, Fernley & Co. v. Mc-Afee*, 64 Ala. 357; *Jackson, Morris & Co. v. Rutherford*, 73 Ala. 155; *Butts v. Broughton*, 72 Ala. 294; *Powell v. Jones*, 72 Ala. 392. And this relief, the complainants here are entitled to whether the house and lot constitute the homestead of the defendants or not—*Newbold v. Stuart*, 67 Ala. 326—and also regardless of his solvency *vel non*.

Nor is it any defense that the house and lot, or some interest or estate in the same, was conveyed by the debtor defendant to his wife, the other defendant to the bill, in consideration of love and affection, subsequent to the original contract under which the lumber was furnished, subsequent to the building of the house, and subsequent to the execution of the first note. She was a mere volunteer and took subject to the equitable mortgage of Ross & Co., though she may have had no notice of it.—*Newlin, Fernley & Co. v. McAfee*, 64 Ala. 357, *supra*.

The decree of the chancellor denying relief and dismissing the bill will be reversed, and the cause will be remanded to the chancery court to the end that the relief may be granted in consonance with the foregoing opinion.

Reversed and remanded.