# High *et al. v.* Hoffman & Graves.

## *Statutory Action of Ejectment.*

1. *Ejectment; mortgage upon wife's lands; general affirmative charge.*—In an action of ejectment, it was shown that the plaintiffs claimed under a mortgage executed by the defendants, who were husband and wife. The evidence for the defendants tended to show that the debt which the mortgage was given to secure was a personal debt of the husband, and that the land included in the mortgage was the separate property of the wife. There was evidence for the plaintiffs tending to show that the money was loaned to the wife, that the husband negotiated the loan for the wife, and that the money was used and applied in payment of the purchase price of another tract of land, which was conveyed by deed to the wife. *Held*: That a charge which instructed the jury that if they believe from the evidence that the money was loaned to the husband, the plaintiffs can not recover and the verdict should be for the defendants, is properly refused as being misleading.

2. *Mortgage; legal title after default.*—After the law day of a mortgage and default made in the payment of the secured debt, the legal title to the mortgaged premises vests in the mortgagee, and he may convey it to another, although he is not in possession and does not assign the secured debt.

APPEAL from the Circuit Court of Tallapoosa.

Tried before the Hon. N. D. DENSON.

This was an action of ejectment brought by the appellees, Hoffman & Graves, against Annie D. and W. G. High, to recover certain lands specifically described in the complaint.

The plaintiffs claimed by mense conveyance, under a mortgage executed by the defendants. Hoffman & Graves was a co-partnership composed of Walter Hoffman and W. D. Graves. W. G. and Annie High executed a note to one Walter Hoffman and to secure the payment of this note they executed a mortgage upon the lands involved in this suit. This note and mortgage was dated January 20, 1898, and were made payable December 1, 1898.

[High *et al.* v Hoffman & Graves.]

The plaintiffs, against the objection and exception of the defendants, introduced in evidence a deed from Walter Hoffman and his wife to Hoffman & Graves, conveying, upon a recited consideration, the lands included in said mortgage and involved in this suit. This deed was dated April 26, 1899.

W. G. and Annie High were husband and wife, and the evidence for the defendants tended to show that the note given to Walter Hoffman was for money borrowed by W. G. High, the husband, and that the lands conveyed in said mortgage were the separate property of the wife and that the mortgage was made to secure a personal indebtedness of the husband.

The evidence for the plaintiff was in conflict in this regard, and the tendency thereof is shown by the opinion. Under the opinion on the present appeal it is unnecessary to set out the other facts in detail.

Upon the introduction of all the evidence the defendants requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe from the evidence that Hoffman loaned the money mentioned in the mortgage to W. G. High, the plaintiff cannot recover and your verdict will be for the defendants." (3.) "If the jury believe all of the evidence in this case, they must find for the defendants."

There were verdict and judgment for the plaintiffs. the defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

W. M. LACKEY, for appellants.—The deed from Hoffman and wife to Hoffman & Graves was executed before the law day of the mortgage, and, therefore, Hoffman did not transfer the debt secured by the mortgage. Therefore, Hoffman & Graves did not acquire the legal title to the mortgaged premises.—3 Brick. Dig., 652, § 271; *Downing v. Blair,* 75 Ala. 216.

The first charge requested by the defendant should have been given.—*Richardson v. Stevens,* 122 Ala. 301.

THOS. L. BULGER, *contra.*

DOWDELL, J.—The husband and wife jointly executed the contract and mortgage. The mortgage was upon the wife's lands. There was evidence tending to show that the husband negotiated the loan for the wife, and that the money so obtained was used and applied in payment of purchase price of a piece of land which was conveyed by deed to the wife. Under this phase of the evidence charge No. 1 requested by the defendants was clearly misleading. The jury were required by the charge to find for the defendants, if they believed from the evidence that the loan was made to the husband, which they might have well believed, and at the same time being satisfied from the evidence that the loan was also to the wife, or in other words upon the credit of both. The fault of the charge consisted in failing to confine the question of the loan or debt exclusively to the husband.

We do not understand that it was intended in the case of *Downing v. Blair*, 75 Ala. 216, to assert, as contended by counsel for appellant, that a mortgage may not convey the legal title vested in him by the mortgage, until after the law day of the mortgage and default made. The authority cited in that case of *Welsh v. Phillips*, 54 Ala. 309, lays down a contrary doctrine. It was said in *Downing v. Blair*, "that, after the law day of a mortgage, and after default in payment of the mortgage debt, the estate at law—the legal title of the mortgaged property—vests in the mortgagee, and this title he can convey by apt words in a deed of conveyance, although the mortgage debt itself is not assigned." This is unquestionably correct and true, but it is not to be concluded from this, that the learned judge who rendered the opinion intended to lay down the rule, that a mortgagee may not by deed convey the legal title until after the law day. As was said in *Welsh v. Phillips, supra*, "It is manifest that our decisions have regarded mortgages as of a dual character—a conveyance of an estate in lands, and a security for a debt; *bearing one character in a court of law and another in a court of equity*. At law it is a conveyance of an estate in lands, with a condition annexed which may defeat it. It comprehends the entire fee, leaving the mortgagor the right, on the performance of the condition, to

[Watson v. Williamson *et al.*]

restore himself to his original estate.   *   *   It would not comport with this theory, now too firmly engrafted in our law to be controverted, to assert that a conveyance by the mortgagee, though not operating an assignment of the mortgage debt, does not pass the legal title."

The legal title then being in the mortgagee, and by the terms of the mortgage subject to the defeasance condition, there is nothing to prevent the mortgagee from conveying the same by deed. Of course, the legal title when so conveyed by deed before the law day of the mortgage, would still be subject to the defeasance contained in the mortgage. However, counsel is mistaken in supposing that the conveyance was made before the law day in the mortgage. The facts, as the record in the case discloses, show that the deed from Hoffman and wife to Hoffman & Graves was executed after the law day of the mortgage from High and wife to Hoffman. The objection made to the introduction of certain deeds are not argued by counsel, besides we do not think there is any merit in the objections, and, therefore, will refrain from any discussion of the same.

There is no error in the record, and the judgment is affirmed.

*Statutory Action of Ejectment.*

