## Bank of Florala *v.* Smith.

### *Detinue.*

(Decided November 10, 1914.   66 South. 832.)

*Mortgages; Equitable Mortgage; Lien; Mortgage.*—The instrument examined and held to constitute an equitable mortgage, giving the payee the right in equity to have the property conveyed sold to pay the note, but not to confer either title to the property or a right of action for it in detinue; a lien without possession being a right to have a debt satisfied out of a particular thing, or a claim which one person has upon the property of another as security for a debt, while a mortgage is a contract whereby a debtor grants or conveys some estate or interest in land, or transfers certain goods and chattels to his creditor, subject to the provision that if the debt is discharged by the day named, the grant or transfer shall be void, and the debtor may retake the property.

APPEAL from Andalusia City Court.

Heard before Hon. ED. T. ALBRITTON.

Detinue by the Bank of Florala against J. H. Smith. Judgment for defendant and plaintiff appeals. Affirmed.

G. W. REEVES, and JONES & POWELL, for appellant. The instrument under which appellant claims title to the property is a legal mortgage, and sufficient to support detinue.—*Mervin v. White,* 50 Ala. 388; *Ellington v. Charleston,* 51 Ala. 166; *Glover v. McGilvary,* 63 Ala. 508; 1 Jones on Mortgages, p. 3.

BALDWIN & MURPHY, for appellant. The istrument is an equitable mortgage creating an equitable lien on the property, but not sufficient to support detinue.—

[Bank of Florala v. Smith.]

*Evington v. Smith Bros.,* 66 Ala. 398; *Donald v. Hewitt,* 33 Ala. 534; *Bush v. Garner,* 73 Ala. 162; *Jackson v. Rutherford,* 73 Ala. 155.

THOMAS, J.—The only question presented for review, which is insisted upon in brief, is as to whether or not the paper writing which was executed to plaintiff (appellant here) by the defendant, and upon which the plaintiff relied for recovery, conveyed the legal title to the property sued for, to wit, one horse as therein described. If not, it is conceded that the plaintiff cannot maintain this suit—detinue.

The only words of conveyance found in said paper are those in the following sentence:

"I [J. H. Smith, the defendant], the maker of the above note, for the purpose of securing the prompt and full payment of the same at maturity, do give unto the Bank of Florala [the plaintiff] * * * a mortgage lien on the following property," etc.

If the conveying words had been "do give a mortgage," rather than "do give a mortgage lein" upon the property, it is settled under the authorities of this state that the legal title to such property would have thereby been transferred to the grantee; for the reason that the word "mortgage," when employed without qulification in such a connection, whether as a verb or as a noun (for instance, when it is declared in an instrument of the character under consideration either that the grantor thereby mortgages or gives to the grantee a mortgage upon the property described), has a technical signification in law and is construed to mean and accomplish what formal terms creating a mortgage would have accomplished—that is, a conveyance or transfer to the mortgagee of the legal title to the property upon condition to be void in the event the recited debt is paid

at the time stipulated.—*Mervine v. White,* 50 Ala. 388; *Glover v. McGilvary,* 63 Ala. 508.

We are of opinion, however, that there is a radical difference between saying that one "gives a mortgage upon" or "mortgages to" another certain property and in saying, as in the instrument under consideration, that one gives to that other "a mortgage lien" upon such property.   In the former case a mortgage, which cannot be created without a transfer of title to the property (*Jackson v. Rutherford,* 73 Ala. 155; 5 Am. & Eng. Ency. Law [2d Ed.] 947 et seq.), is given; while in the latter case only a lien is given, which vigore propria negatives any intent to transfer or convey the title, but limits by express words the thing given to a mere lien on the property—the word mortgage in the latter case being employed, not to declare or state, as in the former case, the nature of the instrument executed, but solely as an adjective to qualify the character of lien given.

A lien, whether legal or equitable, and whether arising from the operation of law or created by contract between the parties, when it is such that possession is not essential to its validity, is neither a jus in re nor a jus ad rem and carriers with it neither title, special or general, nor possession, nor the right to possession, but only the bare right to have the property sold—some by legal and others by equitable process—and the proceeds applied to the discharge of the debt secured.   It may be defined to be "a right to have a debt satisfied out of a particular thing" (*Andrews v. Doe,* 6 How. [Miss.] 554, 38 Am. Dec. 450), or as "a hold or claim which one person has upon the property of another as a security for some debt or charge" (19 Am. & Eng. Ency. Law, 66). But it never imports more than security; it confers no title or right of property, and not even a right of action for the thing upon which it attaches.—Am. & Eng. Ency. Law, supra;

[Bank of Florala v. Smith.]

*Mobile v. Robertson,* 65 Ala. 382; *Donald v. Hewitt,* 33 Ala. 547, 73 Am. Dec. 431; *Jackson v. Rutherford,* 73 Ala. 15; *Clark v. Johnson,* 7 Ala. App. 513, 61 South. 34; 4 Mayf. Dig. 70 et seq.

A "mortgage," on the other hand, is defined to be:

"A contract, whereby a debtor grants or conveys some estate or interest in land, or transfers certain goods and chattels, to his creditor, subject to a proviso that, if the debt is discharged by a day named, the grant or transfer shall be void, and the debtor shall be entitled to repossess himself of the property conveyed or transferred and hold it as if the grant or transfer had not been made."— *Mervine v. White, supra.*

The transfer of the mortgagor's title to the property is absolutely essential to the character of the paper as a mortgage. As a result of such transfer, the mortgagee is entitled to the immediate possession of the property, unless the instrument contain a clause providing for retention thereof by the mortgagor until default. In such event, upon such default the mortgagee is then entitled to possession, and his title to the property, which before such default was only a conditional one—one subject to be defeated by the payment of the mortgage debt at maturity—becomes absolute at law.

· Equity, however, regarding the mortgagee as holding under the contract the legal title to the property merely in trust for the security for the debt, allows the mortgagor the right to redeem it, even after default, at any time before the instrument is foreclosed, provided the right be asserted before the expiration of the period that would bar a suit for the recovery of the property at law. —*Marks v. Robinson,* 82 Ala. 77, 2 South. 292; 11 Am. & Eng. Ency. Law, 206.

A mortgage, then, has a dual character—one at law and one in equity. At law it is not in any sense a lien,

but the title is held by the mortgagee in a way which, before default or condition broken, is something akin to that held by the vendee under a conditional sale, and, after default or condition broken, to that held by a vendee under an absolute sale.   In equity, however, such title is treated as being held solely as security for money and as a mere incident to the debt it secures; the debt being the principal.   But even in equity a mortgage is something more than a mere lien, in that equity follows the law to the extent of recognizing in the mortgagee the existence of the legal title.—*Jackson v. Rutherford,* 73 Ala. 155; *Marks v. Robinson,* 82 Ala. 77, 2 South. 292; *High v. Hoffman,* 129 Ala. 359, 29 South. 658; 19 Am. & Eng. Ency. Law, 6 et seq.; 11 Am. & Eng. Ency. Law, 206 et seq.

There is, however, in our jurisprudence, such a thing as an equitable mortgage (11 Am. & Eng. Ency. Law, 122 et seq.; 27 Cyc. 976 et seq.), which is distinguishable from a mortgage proper, in that by an equitable mortgage only a lien is created upon the property as a security for the debt, while by a mortgage proper the legal title to the property is transferred, as before stated.—Authorities supra.

We are therefore of opinion that the mortgagor, in the paper before us, by giving to the mortgagee, in the language of such paper, a "mortgage lien" upon the property, created only an equitable mortgage, and that the legal title was not thereby transferred, but only a lien, which the lienor (the plaintiff here) might enforce, not at law, but in equity by proper proceedings there to have the property sold for the satisfaction of the debt secured.—27 Cyc. 976 et seq.; 11 Am. & Eng. Ency. Law, 122 et seq.; *Wood v. Holly,* 100 Ala. 346, 13 South. 948, 46 Am. St. Rep. 56; *Jackson v. Rutherford,* 73 Ala. 155; *Butts v. Broughton,* 72 Ala. 294; *Bush v. Garner,* 73

Ala. 162; *Jones v. Anderson,* 76 Ala. 427; *Donald v. Hewitt,* 33 Ala. 534, 73 Am. Dec. 431; *Campbell v. Woodstock Iron Co.,* 83 Ala. 357, 3 South. 369; *Ross v. Perry,* 105 Ala. 533, 16 South. 915; *Hall v. M. & M. Ry. Co.,* 58 Ala. 10; *Evington v. Smith,* 66 Ala. 398; *Carroll v. Kelly,* 111 Ala. 661, 20 South. 456.

It is true that our Supreme Court have held in the case of *Ellington v. Charleston,* 51 Ala. 166, that the words "shall have a lien upon" the property described, followed by the words "to have and to hold" the same, were sufficient to constitute a mortgage—a legal as contradistinguished from an equitable one—and, consequently, sufficient to transfer to the mortgagee the title to the property; yet, in the later case of *Jackson v. Rutherford, supra,* that court has said with reference to and in explanation of the ruling in the former case that such ruling could "be sustained only on the theory that the habendum clause ['to have and to hold, found in the instrument there under consideration] operated to convey the legal title."

No such clause, nor one of a kindred nature, appears in the instrument before us and we cannot hold that such instrument transfers to the mortgagee the title to the property without doing violence to its plain terms, which expressly purport to create a lien, and only a lien. Though it be a "mortgage lien," the naming of it a "lien" excludes it from being a [legal] mortgage, which, as seen, is not a lien upon, but a transfer of title to, the property. Expressio unius est exclusio alterius.—Authorities supra.

We find no error in the record, and the judgment of the lower court is affirmed.

Affirmed.