# Russell *v.* Walker.

## *Detinue by Assignee of Mortgage.*

1. *Detinue; when legal title necessary to maintain.*—In detinue the plaintiff, not having had actual possession, must prove a legal title.

2. *Same; assignee of chattel mortgage may maintain.*—An assignment of a chattel mortgage passes the legal title to the chattel conveyed, thereby, and authorizes the assignee to maintain detinue for its recovery in his own name.

3. *Execution of mortgage; how proved.*—The execution of a chattel mortgage, purporting to be attested by subscribing witnesses, can not be proved by the mortgagor or mortgagee, when neither of the subscribing witnesses is called, and no reason for producing them is shown.

APPEAL from Macon Circuit Court.

Tried before Hon. JAMES E. COBB.

This was an action of detinue, brought by J. M. Russell against B. W. Walker, to recover a horse, and was tried on issue joined on the plea of the general issue, the trial resulting in a verdict and judgment for the defendant. It appears from the bill of exceptions that, in the year 1880, one Mitchell executed to Reynolds & McLeod a mortgage on the horse sued for to secure advances for that year; that "in the latter part of that year" Mitchell delivered the horse to Reynolds & McLeod, and they delivered it to one Henderson, one of their tenants, with directions to keep it for them; that afterwards, in December, 1880, Mitchell, Reynolds & McLeod and the plaintiff had a settlement of Mitchell's indebtedness to Reynolds & McLeod

[Russell v. Walker.]

for said advances; and, on the settlement, the plaintiff paid to them the amount due them from Mitchell, and took from them, with Mitchell's consent, a written transfer of the mortgage and "the property therein named;" that the defendant, at the time of the settlement, gave notice that he had a prior lien on the horse; that after said assignment was made, Reynolds & McLeod told plaintiff that the horse was subject to his order, and that it was his property, and they would deliver it to him, or on his order; that "the only claim of title which plaintiff had to the horse was such title as he derived from said instrument, [the mortgage] and as the transferee of Reynolds & McLeod, and the only claim of title which said Reynolds & McLeod had to said horse was such as they might have under and by virtue of said instrument; and when the horse was delivered to them by said Mitchell, it was that they might hold the same in order to enforce any lien which they might have, in case said advances were not paid;" that at the time of said settlement, the horse was in the actual possession of said Henderson, who had no knowledge of said transaction; and that the defendant obtained possession of the horse on the day after the settlement, "having taken it against the objection of said Henderson," and was in the possession of it when the suit was commenced. This was the substance of the evidence introduced on the trial.

The plaintiff offered to read the mortgage in evidence, but the defendant objected on the ground that the execution thereof had not been proved. The court sustained the objection, and the plaintiff excepted. The plaintiff then offered to prove the execution of the mortgage by the mortgagor and by one of the mortgagees, but the defendant objected thereto on the ground that "there were witnesses to said instrument." The court sustained the objection, and the plaintiff excepted. The mortgage purports to have been attested by two subscribing witnesses, who were not called, nor was any reason shown for not producing them. The court charged the jury, at the written request of the defendant, that if they believed the evidence, they must find for him; and to this charge the plaintiff excepted.

The rulings above noted are here assigned as error.

J. A. BILBRO and ABERCROMBIE & GRAHAM, for appellant.

W. C. BREWER, contra.

BRICKELL, C. J.—The present action, for the recovery of a chattel *in specie*, and damages for its detention, can not be supported, unless, at the time it was commenced, the plaintiff had a general or special property in the chattel, and the right

[Russell v. Walker.]

of immediate possession. The plaintiff, not having had actual possession, must prove a *legal* title.—*Parsons v. Boyd*, 20 Ala. 112; *Reese v. Harris*, 27 Ala. 301. Assuming that at the execution of the mortgage, the title resided in the mortgagor, the assignment of the mortgage subsequently, upon payment of the mortgage debt, passed title to the plaintiff, and would authorize him to maintain the action in his own name.—*Graham v. Newman*, 21 Ala. 497. The execution of the mortgage not being admitted by the pleadings, the burden of proving it rested on the plaintiff. Appearing to be attested by subscribing witnesses, the execution could not be proved without calling them, or one of them, if living, competent, and within reach of the process of the court.—*Bennet v. Robinson*, 3 Stew. & Port. 227. This rule has been said to be "as fixed, formal and universal, as any that can be stated in a court of justice" (*King v. Harringworth*, 4 Maule & Selwyn, 354); and, "though originally framed in regard to deeds, is now extended to every species of writing, attested by a witness."—1 Green. Ev. § 569.

The subscribing witnesses were not called, nor was any reason shown for not producing them. The effort was to prove execution by mortgagor and mortgagee. But so long as the evidence of the subscribing witnesses could be produced, it is the best, the primary, and only admissible evidence of execution. *Bennet v. Robinson, supra.* The exceptions to the rule requiring execution to be proved by them are well defined, and the admissions or declarations of the parties to the instrument, (not made in open court, or in writing, for the purposes of a trial, when they are the parties litigant) do not fall within them. There are several reasons given for the rule. It is said, there may be facts attending the execution, not known to, or within the recollection of each party to the instrument; and that when there is a subscribing witness, the parties agree that he is the proper medium of proving execution. In *King v. Harringworth, supra,* Lord Ellenborough said : "Inasmuch as they are the plighted witnesses, the knowledge they have upon the subject is essential, and if it can be procured, must be forthcoming."

The circuit court did not err in the several rulings to which exceptions were taken, and its judgment must be affirmed.