# Graham *v.* Myers & Co.

# Graham *v.* Ligon.

*Statutory Actions in nature of Detinue, for Cotton Bales.*

1. *Who may maintain action.*—To maintain the action of detinue, or the corresponding action for the recovery of personal property *in specie,* the plaintiff must have the legal title, and a right to the immediate possession of the entire chattel sued for.

2. *Against whom action lies.*—The action does not lie against a person who was not in possession of the chattel at the commencement of the suit.

3. *When action lies for money had and received; amendment of complaint.*—Under the common money counts, a recovery can not be had for the proceeds of cotton sold after the commencement of the suit, although they were added to the complaint by amendment subsequent to the sale.

APPEALS from the Circuit Courts of Talladega and Cleburne. Tried before the Hon. LEROY F. BOX.

These two cases, though decided together, were argued and submitted on different days. Each was a statutory action for the recovery of several bales of cotton, in which J. R. & J. F. Graham, suing as partners, were plaintiffs; and in each case they claimed the cotton under a mortgage executed to them by J. R. Mitchell, which was dated April 12th, 1879, and purported to be given for necessary supplies advanced and to be advanced to him, to enable him to make a crop during the year 1879. The action against Myers & Co. was commenced on the 5th January, 1880, and sought to recover five bales of cotton. As to these bales, J. F. Graham, one of the plaintiffs, testifying as a witness for them, stated that, "on the Saturday before he brought this suit, witness came to the railroad depot at Talladega (E. T., Va. & Geo.), in company with John Ingram, and found said cotton in a car, and took it out of the car, and placed it in the depot in charge of one W. L. Terry, and instructed him to hold said cotton as J. R. & J. F. Graham's agent, until such time as he (witness), or some one authorized by said J. R. & J. F. Graham, should demand said cotton of him; that on the next Monday morning, while the cotton was still in the possession of said Terry under said instructions, he commenced this suit for said J. R. & J. F. Graham against Myers & Co., and had the writ levied on said cotton so in the possession of said Terry." On these facts, the court charged

VOL. LXXIV.

[Graham v. Myers & Co.]

the jury, "that if they believed, from the evidence, that J. F. Graham, one of the plaintiffs, took the cotton in controversy into his possession on Saturday, and put it in the depot in charge of another person for him, and that on the following Monday morning, while the cotton was thus held, the plaintiffs commenced this suit, then the plaintiffs can not recover." The plaintiffs excepted to this charge, and they here assigned it as error, with other rulings which require no notice.

The suit against Ligon was commenced on the 1st January, 1880, and sought to recover six bales of cotton; but only one bale was seized by the sheriff under the writ, the other five bales having been removed by the defendant; and these five bales, which were the same bales involved in the suit against Myers & Co., he sold to said Myers & Co. on the 3d January, 1880. Counts in debt for the money arising from the sale, or one half thereof, were added to the complaint by amendment. The defendant pleaded *non detinet*, and a special plea setting up the verdict and judgment in favor of Myers & Co.; and the cause seems to have been tried on issue joined on these pleas. The plaintiffs claimed the cotton under the same mortgage from J. R. Mitchell; and it was proved that the cotton was raised by said Mitchell during the year 1879, on lands belonging to said Ligon, under a contract between them by which they were to be equally interested in the cotton raised. The crop raised consisted of ten bales, part of which was delivered by said Mitchell to plaintiffs' agent while at the gin, being about six bales, and the same here sued for; but there had never been any division of the cotton between Mitchell and Ligon, nor any settlement of accounts between them, so far as the evidence showed. The plaintiffs requested the court to charge the jury, among other things, as follows: "If the jury believe, from the evidence, that Mitchell executed the mortgage to plaintiffs which had been read in evidence, on the crop to be grown by him during the year 1879, and delivered to plaintiffs the cotton now sued for; and that said Ligon afterwards took five bales of said cotton, and sold the same, and received the money for the same,— then plaintiffs are entitled to recover one half of said proceeds of sale, with interest thereon from the time Ligon received the money." The court refused this charge, and the plaintiffs excepted; and they here assigned its refusal, with other matters, as error.

J. H. Savage, and Aiken & Martin, for appellants.

Heflin; Bowden & Knox, and Parsons & Parsons, *contra*.

28

[Graham v. Myers & Co.]

STONE, J.—These two causes, although originating and tried in different counties, are so intimately connected, that we will consider them together. The ownership of six—the same six—bales of cotton, is the subject of each suit. Each of the actions is for the recovery of personal property in specie, corresponding to the common-law action of detinue.

The cotton in controversy was grown in the year 1879, on the lands of Ligon, by the labor of one Mitchell. The crop was cultivated, grown and gathered, under an agreement that Ligon should furnish the lands, team and farming implements, and Mitchell should furnish the labor. Ten bales of cotton were produced, of which six are involved in the suit against Ligon, and five of the same six in the suit against Myers & Co. There had been no division, or separation of the shares of the joint owners, Ligon and Mitchell. On the 12th of April, 1879, Mitchell conveyed by mortgage the crop he was to grow and produce that year to J. R. & J. F. Graham, as security for supplies advanced, and to be advanced by them. There is testimony in the records tending to show, that under this contract Mitchell became indebted to the Grahams about three hundred dollars. The mortgage was recorded in due time in Cleburne county—the county in which Mitchell resided, and in which the cotton was grown.

As we have said, each of these suits is a statutory action in detinue. The one against Ligon was instituted January 1st, 1880, and the one against Myers & Co., January 5th, 1880. Under the most favorable view for the plaintiffs which can be taken, their claim was but an undivided, unsevered interest in the cotton. This will not support the action of detinue. 1 Brick. Dig. 572, § 6 ; *Smith & Co. v. Rice*, 56 Ala. 418. To maintain that action, the plaintiff must have the legal title to, and a right to the immediate possession of the entire thing.

Another insurmountable obstacle in the way of a recovery against Myers & Co. is, that they were not in possession of the property when the action was brought. According to the testimony of one of the plaintiffs, the cotton was in his possession when he instituted this suit.—1 Brick. Digest, 573, §§ 28, 29 ; *Gilbreath v. Jones*, 66 Ala. 129 ; *Lightfoot v. Jordan*, 63 Ala. 224 ; *Henderson v. Felts*, 58 Ala. 590.

The complaint in the suit against Ligon was afterwards amended, by adding common counts in debt, for money had and received. It will be remembered that this action was instituted January 1st. The proof is that the cotton was not sold until after that time. So, when the action was brought, defendant had received no money, to which plaintiffs could assert any claim. There can be no recovery on these counts.—*Burns v. Campbell*, 71 Ala. 271.

[Coleman v. Siler.]

We have thus shown that the plaintiffs can not recover in either of these actions, and we need not consider any of the special rulings. They did, and could do plaintiffs no harm.

Each of the judgments must be affirmed.