# Middlebrook, Adm'r v. Barefoot.

*Action in the Nature of an Action in Ejectment.*

1. *Witness to deed; when officer taking acknowledgement is.*—If the certificate of acknowledgement to a deed is defective the officer making the certificate can be called as an attesting witness to prove the execution of the deed.

2. *Deed; when grantor may sign by the hand of another.*—The grantor may affix his signature to a deed by the hand of another if the signing is done in his presence and by his direction, whether he is able to write or not.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. J. W. FOSTER.

M. T. Middlebrook as the administrator of J. T. Barefoot brought suit in ejectment against G. W. Barefoot. The defendant pleaded not guilty. The defendant of-

[Middlebrook, Adm'r v. Barefoot.]

fered two deeds from the intestate to him. Both deeds had defective certificates of acknowledgment, and the officers making the certificates were called as witnesses and were permitted to prove the execution of the deeds against the objections of the plaintiff. One of the deeds was signed "J. P. Barefoot by Nicholson." It was proved that said Barefoot could write but at the time the deed was signed said that he could not write well on account of nervousness from sickness, and requested Nicholson to sign his name to the deed as grantor, and Nicholson signed the deed in the presence of said Barefoot and at his instance and request, and then signed his name as a subscribing witness, and in his official capacity as a justice of the peace took Barefoot's acknowledgment, but he failed to get the certificate in the form required by law. The court admitted these deeds as evidence, whereupon the plaintiff took a non-suit with bill of exceptions.

WILLIAM H. PARKS, for appellant, cited, *Carlisle v. Carlisle*, 78 Ala. 542; *Hendon v. White*, 52 Ala. 598; Devlin on Deeds, Sec. 233.

FOSTER, SAMFORD & CARROLL, *contra*, cited, *Lewis v. Watson*, 98 Ala. 479; 1 Devlin on Deeds, Sec. 232; *R. R. Co. v. Hammond*, 104 Ala. 191; *Jones v. Hagler*, 95 Ala. 529; *Torrey v. Forbes*, 94 Ala. 135; *Rodgers v. Adams*, 66 Ala. 600; *Sharpe v. Orme*, 61 Ala. 263; *Merritt v. Phenix*, 48 Ala. 87.

McCLELLAN, C. J.—If the certificates of acknowledgment to the deeds were insufficient, it was competent to prove their execution by the officer who signed the certificates, his signature being taken as that of an attesting witness.—*N. C. & St. L. R'y Co. v. Hammond*, 104 Ala. 191, 199 and cases there cited.

And if the certificates were not defective, the error of proving the signature by the officer involved no injury to the plaintiff.

It is quite a mistake to suppose that a grantor can make an efficacious signature of a deed by the hand of another only when he is not sufficiently educated to write his own name. To the contrary the rule is that

he may affix his signature by the hand of another, the subscription being made in his presence and at his direction, however capable he may be mentally and physically at the time of writing his own name.—*Lewis, Admr. v. Watson,* 98 Ala. 479; 9 Am. & Eng. Ency. Law, p. 144; 1 Devlin on Deeds, § § 232, 233.

The rulings of the trial court were in consonance with these principles, and its judgment is affirmed.

Affirmed.