[Nelson v. Howison.]

# Nelson *v*. Howison.

## *Statutory Action of Detinue.*

1. *Detinue; description of property in complaint.*—In an action of detinue, the description in the complaint of the property sued for as "one wet pan, one engine, one boiler and the appurtenances belonging to said engine, boiler and wet pan," is sufficiently definite.

2. *Chattel mortgage; description of property.*—The description of property conveyed in a mortgage as "one wet pan, one engine, one boiler and all the appurtenances belonging to the engine, boiler and wet pan, and all the tools used in making brick at said yard," is not so uncertain and indefinite as to render the mortgage void; and in an action of detinue in which the property contained in the mortgage is sued for, an objection to the introduction in evidence of such mortgage, on the ground that the description of the property conveyed therein is too indefinite, is not well taken.

3. *Same; fixtures; admissibility in evidence of statements of owner of land.*—Where machinery is claimed by the grantees of land as fixtures, as against one claiming them under a mortgage from a third person, the death of the grantor does not disqualify the mortgagee from testifying, in a suit brought by him to recover such property, to declarations made by such grantor of the lands in reference to her ownership of the machinery at the time of the execution of the mortgage, where it appears that the grantor's estate was not interested in the result of the suit.

4. *Same; same; res gestae.*—Since the question as to whether the machinery attached to land is a fixture thereon depends largely upon the intention with which it was erected or attached to the land, the declaration of the owner of the land, made at the time of the execution of the mortgage upon such machinery, that she did not own such machinery, is admissible as a part of the *res gestae* in an action involving the issue whether such machinery was a fixture upon the said lands or not; and such declarations are also admissible on the question of the ownership of the machinery, as against one claiming it under a conveyance of the land from the owner who was in possession at the time such declarations were made.

[Nelson v. Howison.]

5. *Same; same; same; estoppel.*—On the issue as to whether the land owner and one claiming under her are estopped from claiming certain machinery on the lands as fixtures, as against one claiming it under a mortgage from a third person, testimony that prior to the execution of the mortgage the land owner told the parties to such transaction that she did not own the machinery, is admissible in evidence.

6. *Detinue; when can be maintained against managing member of partnership.*—An action of detinue can be maintained against the member of a partnership who is shown to have the management of the affairs of the business and general superintendence and control over its property; the fact whether such member of the firm had control over the property sued for, for his own purposes or in behalf of the firm, being immaterial, if it was exercised in wrongfully detaining property to which the plaintiff was entitled.

7. *Same; when property in possession of partnership.*—In an action of detinue brought against the member of a partnership who managed the business, a charge which predicates the defendant's right of recovery upon the jury believing that the possession of the partnership was, as a matter of law, inconsistent with the possession and control of one of its members, is erroneous and properly refused.

8. *Mortgage; abandonment of mortgagor does not affect mortgagee's rights.*—The abandonment by the mortgagor of the mortgaged property does not prejudice the rights of the mortgagee, or affect or preclude him from recovering possession of the mortgaged premises from one not entitled thereto.

9. *Landlord and tenant; fixtures.*—The fact that a person resided on land and operated a brick yard thereon under an agreement with and by permission of the owner "as her tenant and in subordination of her title and possession," does not establish the relation of landlord and tenant, but shows a mere permissive user subject to the continued possession of the owner; and the failure of such person, upon abandoning possession of said premises to remove the machinery placed thereon, in order to operate a brick yard, does not make such machinery the property of the owner of the land.

10. *Same; same; action of detinue.*—With the land-owner's permission and subject to her right of possession of the premises, a person erected an engine and boiler on the land, which he used in the manufacture of brick. Both engine and boiler were erected on brick foundations extending into the ground and built up on the sides, and both were inclosed by a house so built that it would be necessary to tear down a part of it in

[Nelson v. Howison.]

order to remove the engine and boiler. *Held:* In an action of detinue, to recover such engine and boiler, the question as to whether they had become fixtures and subject to recovery, was a question for the jury.

APPEAL from the Circuit Court of Bibb.

Tried before the Hon. JOHN MOORE.

This was an action of detinue brought by the appellee, Allen P. Howison, against the appellant, Frank Nelson. The complaint was in the following language: "The plaintiff claims of the defendant the following personal property, towit: One wet pan, one engine, one boiler and the appurtenances belonging to the said engine, boiler and wet pan, with the value of the hire or use thereof during the detention, viz., since October 1st, 1895." To this complaint the defendant demurred upon the grounds, 1st, that there is contained therein no description or mark of identification of any of the property sued for. 2d. That the said property is incapable of identification from said description. This demurrer was overruled, to which ruling the defendant duly excepted. The cause was tried upon issue joined upon the plea of *non detinet.*

Upon the trial of the cause the plaintiff offered in evidence a mortgage executed to him by one John Eharker, to secure the payment of an indebtedness by the mortgagor to the plaintiff, in which mortgage was included the property here sued for, and which is described therein as follows: "One wet pan, one engine, one boiler and all appurtenances belonging to the engine, boiler, and wet pan, and all the tools used in making brick at said yard." This mortgage was duly executed and acknowledged and recorded in the office of the probate judge of Bibb county. The defendant objected to the introduction in evidence of said mortgage, on the ground that the description of the property conveyed therein was too indefinite. The court overruled this motion, allowed the mortgage to be introduced in evidence, and to this ruling the defendant duly excepted. It was shown by the evidence of the plaintiff that a portion of the mortgage debt still remained unpaid.

The tendencies of the evidence and the facts pertaining to the rulings of the court upon the evidence, to which exceptions were reserved, are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe from the evidence that the partnership was in possession of the property sued for at the commencement of this suit, then they will find for the defendant." (2.) "If the jury believe from the evidence that John Eharker abandoned the posession of the property sued for, then he lost any right to remove the same, and that the plaintiff has no greater right than said Eharker had." (3.) "The court instructs the jury that the partnership, the Nelson Fire Brick Company, is not sued, and that the defendant is not sued as a member of said partnership, and that if the jury believes from the evidence that said Frank Nelson was not in possession of the property sued for on the 18th day of September, 1895, they will find for the defendant." (4.) "If the jury believe the evidence, they must find for the defendant." (5.) "The court charges the jury the original taking of property is not the gist of this action, but it is the unlawful detention, and that detinue can only be maintained against the party in possession at the time suit is brought; and if the jury believes from the evidence that the Nelson Fire Brick Co., and not Frank Nelson, was in possession of the property at the time this suit was brought, then they must find for the defendant." (6.) "If the jury believe the evidence that the property sued for was at the time the suit was brought in the possession of E. B. Nelson, and that he was acting for the Nelson Fire Brick Company in holding and controlling said property, and that said Nelson Fire Brick Company was a partnership composed of the defendant and another, then they must find for the defendant."

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several

rulings of the trial court to which exceptions were reserved.

W. S. CARY, for appellants.—The lower court erred in refusing the affirmative charge requested by appellant for several reasons. If the tenant had the right to remove the engine and boiler, it must have been done during the tenancy. There was no contract between the tenant and the landlord as to the removal of the property. "The right of the tenant and those claiming under him to remove improvements must be determined by the contract between the landlord and tenant."—*Fitzgerald v. Anderson,* 81 Wis. 341.

If a tenant go upon the premises to remove fixtures after surrendering the premises to the landlord, he is a trespasser.—8 Amer. & Eng. Encyc. of Law, 63, 64, 65; *Friedlander v. Ryder,* 30 Neb. 783; *Tillman v. Delacy,* 80 Ala. 103; 3 Brick. Dig. 448, § 26.

LOGAN & VANDEGRAAFF, *contra.*

SHARPE, J.—This action is in detinue, and the complaint describes the property recovered in the judgment appealed from as one engine and one boiler. Such description tested by former adjudications of this court was sufficiently definite and the demurrer to the complaint was properly overruled.—*Haynes v. Crutchfield,* 7 Ala. 189; *Thompson v. Pearce,* 49 Ala. 210.

The plaintiff claims through an unsatisfied chattel mortgage executed to him by John Eharker in 1884 to secure a note given for the purchase price of the boiler in suit, and the mortgage included both the boiler and the engine sued for. The description of the engine and boiler contained in the mortgage was sufficient for the purpose of the conveyance, and the objection to its admission in evidence was not well taken.

The evidence tended to show that when the mortgage was given Eharker had the engine at a brick yard he was operating on the land of his sister, Mrs. Hoskins, with whom he resided. Subsequently the possession of the land and of the brick-making machinery erected on

37

it passed from Mrs. Hoskins to one Nabors and from Nabors to the Nelson Fire Brick Co., a partnership composed of appellant and his sister-in-law. Mrs. Hoskins, Nabors and John Eharker all died before the trial in the circuit court. The plaintiff testified, against appellant's objection, that when the mortgage was about to be taken a question arose as to whether Mrs. Hoskins had any interest in the machinery to be included in it, whereupon she was called upon by the parties to the transaction for information concerning her interest, and in response she stated that she owned the land but not the machinery. The proof nowhere shows that Mrs. Hoskins' estate is interested in the result of this suit, and the objection to such statement based on that ground was without merit. *Butler v. Jones,* 80 Ala. 436; *Howle v. Edwards,* 97 Ala. 649. The rule which rejects parties as witnesses to statements of persons since deceased applies when the statements may contribute to a result of the suit which diminishes the estate left at the death of the decedent, whether it be in abeyance or in the hands of an appointed representative or of one claiming such estate in legal succession. It does not apply for the protection of those who though claiming title through the decedent, derive such claim from transactions *inter vivos.*

The main controversy is as to whether the engine and boiler are so attached to the realty as to become part of it, or are removable fixtures—a question depending largely in such cases upon the intention with which they were erected upon the land. The statement of Mrs. Hoskins was competent as a part of the *res gestae* upon the fact of such intention and also upon the fact of ownership of the machinery in connection with the proof of her possession of the premises; and it could also be looked to by the jury to infer an understanding between her and the parties to the mortgage which might estop her from afterwards claiming the machinery as part of the realty.—*Powers v. Harris,* 68 Ala. 409. Such estoppel could also extend to those holding subsequently unless by relation equivalent to that of a *bona fide* purchaser.

The proof shows that at the beginning of the suit the brick yard, including the engine and boiler, was being operated by the Nelson Fire Brick Company through a manager employed by it; that defendant was the only male member of the firm and that he upon occasions was present upon and gave orders about the premises. From such facts the jury could find that defendant had the immediately controlling power over the property, which would be such possession as would, if wrongful, authorize a suit in detinue.—*Henderson v. Fitts*, 58 Ala. 590; *Foster v. Chamberlain*, 41 Ala. 167; *Walker v. Fenner*, 20 Ala. 192. Whether such control was for his own purposes or in behalf of his firm was immaterial, if it was exercised in wrongfully detaining property to which the plaintiff was entitled.—*Smith v. Wiggins*, 3 Stew. 221.

Charges, 1, 3, 5 and 6 requested by defendant were properly refused as being argumentative, and calculated to mislead the jury into the belief that the possession of the partnership was as matter of law inconsistent with the possession and control of one of its members, which is not true. Charge No. 2 requested was incorrect. Abandonment by the mortgagor of the mortgaged property ought not to and does not prejudice the rights of the mortgagee.

The rule applicable to landlord and tenant that fixtures must be removed if at all during the tenant's term is abstract here, since the proof fails to show what possessory interest if any in the land was had by John Eharker. A witness stated that he resided with his sister on the land and was operating a brick yard there "under an agreement and by permission of said Amelia Hoskins and as her tenant, and in subordination of her title and possession," which shows no more than a mere permissive user subject to the continued possession of Mr. Hoskins.

The boiler was set up for use upon a foundation of brick extending into the earth, the brick being built up from the outer edge of the foundation so as to form a jacket reaching nearly to the top of the boiler. The engine was also erected upon and bolted to a brick founda-

[Morris v. Eufaula National Bank.]

tion extending into the ground. Both were enclosed by a house so built that part of it would have to be taken away to allow the removal from it of the engine and boiler. In view of their situation and of the circumstances under which they were so placed the question as to whether they are removable fixtures was one of mixed law and fact, falling within the class proper to be determined by the jury as were the other questions in the case including that of the title claimed by adverse possession.

Finding no error in the record the judgment appealed from must be affirmed.