# Ward *v.* Shirley.

### *Statutory Action of Detinue.*

1. *Action of detinue; admissibility of evidence as to character of sale.*—In an action of detinue, where the plaintiff claims title under a bill of sale, the question of whether said sale was an absolute and unconditional sale depends upon the facts and circumstances of the transaction, including the bill of sale; and, therefore, a statement by a witness that said sale "was and absolute and unconditional sale without any reservation of interest" to the seller is the statement of a conclusion and is properly excluded upon objection.

2. *Trial and its incidents; when judgment of court without jury reversed.*—When a cause is tried by the court without the intervention of a jury, the judgment upon the facts will not be reversed unless it is shown on appeal that such judgment was plainly erroneous.

APPEAL from the County Court of Tuscaloosa.

Heard before the Hon. J. J. MAYFIELD.

This was a statutory action of detinue brought by the appellant, H. J. Ward, against the appellee, C. S. Shir-

ley, to recover possession of a mule and the value of the use and hire thereof during the detention. The defendant pleaded the general issue, and the cause was tried upon issue joined upon said plea.

On the trial of the cause, the plaintiff testified that he bought to mule involved in this suit, together with other property, from one Ed. W. Anderson during the last part of December, 1899; that he paid a cash consideration of two hundred dollars for all the property so purchased; that at the time of making the purchase, his son, W. T. Ward, who was an attorney, was present, and by plaintiff's instruction prepared a bill of sale to carry out the purpose of said sale; that at the time of making the purchase the plaintiff was not in need of said property, but made the trade in perfect good faith because he thought he was getting a bargain, though the price he paid was not greatly disproportioned to its real value; that because he did not need the property at the time, and further because he contemplated making advances to said Anderson during the year 1900, he agreed to permit said Anderson to retain possession of said property until he, plaintiff, should call for it, and directed his son, acting as his attorney, to incorporate this agreement in the bill of sale, with the understanding that said Anderson was not to pay the plaintiff any rent for the use of said property; that W. T. Ward, the plaintiff's son, prepared the bill of sale and it was signed, duly witnessed and executed by said Anderson, who delivered it to the plaintiff on January 1, 1900. The bill of sale was then introduced in evidence and was in words and figures as follows: "Know all men by these presents, that I, Ed. W. Anderson, in consideration of the sum of two hundred dollars to me in hand paid by H. J. Ward, the receipt whereof is hereby acknowledged, do bargain, sell, and convey to the said H. J. Ward, the following goods and chattels, to-wit: One iron gray mare mule (named Dixie), one red or sorrel mule (named Jack), and set of harness for both; one Studebaker wagon, one Winchester rifle, one double-barrel shot gun, one cow and yearling or young cow. It is also agreed, but without consideration, that I, the said Ed. W. Anderson, may retain possession of said property

[Ward v. Shirley.]

until the said H. J. Ward, his agents, or assigns, shall make demand for some. Witness my hand and seal, this the 1st day of January, 1900."

The plaintiff further testified that at the time said bill of sale was executed and he paid the two hundred dollars, said Anderson was not indebted to any one so far as he knew or believed, that said Anderson for the reasons as above stated, kept possession of the property until March, 1900, when most of the property embraced in said bill of sale (not the mule involved in this suit) was converted or taken possession of by the brother of Ed. W. Anderson, one Wesley Anderson, who claimed that the property belonged to his father's estate and that Wesley was entitled to the possession thereof as administrator; that at that time the plaintiff had not demanded any of the property from Ed. W. Anderson; that thereupon Ed. W. Anderson instituted two suits against Wesley Anderson, and being cast in one of them judgment for the costs was rendered against him, and execution upon said judgment being placed in the hands of the defendant in the present suit, who was the sheriff of Tuscaloosa county, he, the defendant, levied upon the mule sued for in this action as the property of Ed. W. Anderson, and took possession of the same; that thereupon the plaintiff, by his attorney, demanded of the defendant that he surrender to him possession of said property; that the defendant refused to comply with said request, and though forbidden to do so, sold said property under the execution and became the purchaser thereof himself, and had possession of the property at the time of the institution of the present suit. The value of the property and the value of its use were proven.

There was introduced in evidence a letter written by W. T. Ward, which was admitted would be his testimony. This letter was introduced subject to legal objections. This testimony of the witness W. T. Ward was as follows: "I was at home the latter part of December, 1899, at the time my father bought the mule, and other things set out in the bill of sale, and I was at that time instructed to prepare the paper, and in pursuance of such instructions did prepare and mail the

[Ward v. Shirley.]

paper to my father to be executed. The sale was an absolute, unconditional sale, without any reservation of interest to Ed. He agreed to take care of the property until my father called for it." The defendant objected and moved to exclude the statement of the witness upon the ground that it was illegal evidence. The court sustained the objection, and the plaintiff duly excepted.

The defendant, C. S. Shirley, testified as a witness in his own behalf, that as sheriff he levied an execution upon the mule in question as the property of Ed. W. Anderson; that he found the mule in a stable of said Anderson, and after he had taken possession of it, said Anderson claimed said mule as belonging to him. He further testified to the selling of said mule as shown by the testimony of the plaintiff. There was another witness introduced by the defendant who testified to said Ed. W. Anderson claiming the property after it was levied upon.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, the court rendered judgment in favor of the defendant. To the rendition of this judgment the plaintiff duly excepted. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

ROBISON BROWN, for appellant, cited *Hobbs v. Bibb*, 2 Stew. 54; *Ayres v. Moore*, 2 Stew. 336; *Henderson v. Mabry*, 13 Ala. 713; *Mayer v. Clark*, 40 Ala. 259; *Moog v. Benedict*, 49 Ala. 512; *Ullman v. Myrick*, 93 Ala. 532; *Bluthenthal v. Magnus*, 97 Ala. 530; *Troy Fertilizer Co. v. Norman*, 107 Ala. 667.

FOSTER & OLIVER, *contra.*—That part of the letter of W. T. Ward, which was excluded on objection of appellee, was manifestly a conclusion of law, it being the province of the court to say whether the sale was unconditional and without reservation of interest.—*Alexander v. Handley*, 96 Ala. 220.

The bill of sale was a fraudulent device, and conferred no title against the purchaser at execution sale. *Crawford v. Kirksey*, 55 Ala. 282; *Jones v. Wilson*, 69

Ala. 402; *Page v. Francis,* 92 Ala. 379; *Stephens v. Regenstein,* 89 Ala. 561.

McCLELLAN, C. J.—The question whether the alleged sale to Ward was an absolute and unconditional sale depended upon the facts and circumstances of the transaction including the bill of sale, and was not determinable by the opinion of the witness W. T. Ward. So; too, whether any interest was reserved to the seller depended upon the terms of the bill of sale and deductions to be drawn from what the parties did with reference to the property afterwards; and it was not for said witness to state his conclusion or opinion that the sale was without any reservation of interest to the seller. The court properly excluded the statement referred to of the witness W. T. Ward.

There is a stipulation in the bill of sale that the seller is to retain possession of the property until it should be demanded of him by the purchaser or his agents, etc. This rendered the sale *prima facie* fraudulent as to existing or subsequent creditors under section 2150 of the Code. See authorities there cited. The evidence on the part of the plaintiff in attempted explanation of this retention of possession by the seller offered to overturn the *prima facie* presumption of fraud was all oral, as was also the evidence in rebuttal. Considering all this evidence as it is reproduced here in writing we are not satisfied that it removes the presumption of fraud arising from the stipulation referred to. And when we consider further that the judge of the county court had opportunities and means of reaching a correct conclusion on the evidence which we have not, had before him indeed other evidence than that now before us in the manner and appearance of the witnesses on the stand, etc., and apply the doctrine of *Woodrow v. Hawving,* (105 Ala. 240), we are far from being able to say that his conclusion of fact that as to the defendant the sale by Anderson to Ward was fraudulent and void was plainly erroneous. And so the judgment rendered by the judge below sitting without a jury must be

Affirmed.