(76 South. 931)

PURSER v. SMITH et al. (8 Div. 992.)

(Supreme Court of Alabama. Nov. 22, 1917.)

1. DEEDS ⬤�longrightarrow47 — DEFECTIVE ACKNOWLEDG-MENT—EFFECT AS "ATTESTATION."

An acknowledgment, though defective, will amount to an "attestation" by the officers making the same under Code 1907, § 3355, relating to attestation where parties cannot write.

[Ed. Note.—For other definitions. see Words and Phrases, First and Second Series, Attestation.]

2. DEEDS ⬤⟶45—SIGNATURES—MARKS.

Where a deed is signed under direction of another, whether he can write or not, his mark is not essential to the validity of the deed.

3. DEEDS ⬤⟶47—SIGNATURES—ATTESTATION—STATUTES.

Under Code 1907, § 3355, providing that, where one cannot sign his name, two attesting witnesses are necessary, it is not necessary in a deed of land that there be two witnesses where the granting party is able to sign, but directs another to do it for him in his presence.

Appeal from Chancery Court, Franklin County; James E. Horton, Jr., Chancellor.

Bill for partition by Sallie Smith and others against John Purser. Judgment for complainants, and respondent appeals. Reversed and rendered.

The lands sought to be divided consisted of 80 acres, and was originally owned by Jack Smith, who died in 1912. His widow died about three months later. Jack Smith left surviving him three married daughters, two sons, and two minors, children of a daughter who was dead. The three daughters, their husbands, and C. N. Smith, with his wife, went before T. B. Barnes and made a deed to this land to their brother, John Smith. Barnes had been elected justice of the peace, and had qualified, and was acting as justice of the peace, but his term of office had not begun. It seems that all the grantors could write, but that none signed the deed, but had their names signed by the justice of the peace. Each grantor denied signing or authorizing his signature to be signed. At any rate the justice of the peace wrote the deed, signed the grantors' names to it, wrote out the acknowledgment, and pinned them to the deed, and delivered it to John Smith, who later on deeded it to John Purser.

William L. Chenault, of Russellville, for appellant. Travis Williams, of Russellville, for appellees.

ANDERSON, C. J. This appeal involves the validity vel non of a certain deed made by the heirs of their father to their brother, John Smith, under whom the appellant claims title. The chancery court held that Barnes was a de facto officer, and that the acknowledgment was binding as to C. N. Smith and his wife, and which said holding as to this extent was favorable to the appellant, and as the said C. N. Smith and wife do not take a cross-appeal or complain of said ruling, we need not review the decree of the said chancery court in this respect, and, that being the case, it is unnecessary for us to determine whether or not Barnes was such an officer as could take a valid acknowledgment, for, conceding that he was, it was held that the attempted acknowledgment was defective and invalid as to the other heirs, and that the appellant, John Purser, did not acquire their interest under the deed from John Smith to him, because John Smith had not legally acquired their said interest in the land. We fully agree with the chancery court that the acknowledgment as to the grantor owners other than C. N. Smith was fatally defective, and as suggested in brief of appellant's counsel, the main question is whether or not the acknowledgment, though imperfect as such, amounted to a sufficient attestation under the statute (section 3355 of the Code of 1907).

We think that the proof shows conclusively that the parties all contemplated conveying the property to their brother, John, that they went before Barnes for that purpose, and that each of them authorized Barnes to sign the deed for them, and which he did in their presence, so the only question to be settled is whether or not there was a proper and binding signing and attestation, there being but one witness. .

[1] It is, of course, well settled that an acknowledgment, though defective as such, will amount to an attestation by the officers taking same. It has also been held by this court, but without citing section 3355, though it and its predecessors were in the Codes at the time, that a grantor can make an efficacious signature to a deed by the hand of another whether he is sufficiently educated to write his name or not. Middlebrook v. Barefoot, 121 Ala. 642, 25 South. 102.

[2] It also seems that, if the deed is signed under his direction and in his presence, his mark is not essential to the validity of the deed; this evidently upon the idea that it is the direct act of the grantor, and does not involve the question of agency. Lewis v. Watson, 98 Ala. 479, 13 South. 570, 22 L. R. A. 297, 39 Am. St. Rep. 82.

[3] We think that the proof in this case shows that all of these grantors could write their names (though one said he and his wife could not), and, that being the case, one attesting witness was sufficient, and the case of Middlebrook v. Barefoot, supra, is an authority in point in favor of this holding. It seems that section 3355' requires two witnesses only "where the party cannot write." It therefore seems that, when the party does not actually sign the deed, but can write, and it is signed by another for him under his direction and in his presence, the attestation of one witness is sufficient, but when he cannot write, and his name is signed by another, there must be two witnesses that he had it signed for him under his direction and in his

presence. It strikes the writer that, while this result has been reached by our previous decisions and is warranted by the statute, it would be a much wiser and safer rule if section 3355 said that there should be two attesting witnesses when the party did not write his own name, instead of when he cannot write. If a party actually writes his own name, his signature affords evidence in case of a dispute, but where his signature has been affixed by another, who may be the only subscribing witness, it strikes me that he is in no better fix than the party who cannot write, and that there should always be required at least two subscribing witnesses to conveyances of land unless the grantor actually writes his own name. Of course, this last observation is not decisive of this case, and is the mere expression of the writer against what he deems the danger of the present statute.

The chancery court erred in granting the complainants relief, as they had no interest in the land, and are not entitled to maintain the bill for partition.

The decree of the chancery court is reversed, and one is here rendered dismissing the bill.

Reversed and rendered.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.