143 So. 902

## HOLLIMON v. McGREGOR.

### 8 Div. 430.

Supreme Court of Alabama.

June 25, 1932.

Rehearing Denied Oct. 13, 1932.

Further Rehearing Denied Nov. 3, 1932.

Wm. L. Chenault, of Russellville, for appellant.

518

E. B. Downing, of Moulton, for appellee.

### KNIGHT, J.

Plaintiff, appellee here, stated his case against the defendant in two counts. The first count is in detinue, seeking the recovery of a particularly described Nash automobile, while the second count is in trover, for the conversion of said car by the defendant.

At the time the suit was brought, the defendant was in the possession of the car. It appears from the evidence in the case that one Pete Cornelius at one time owned the car. The plaintiff claimed title to the car under an instrument in writing, in form and recital a mortgage alleged to have been executed by Pete Cornelius and his wife to him, to secure the payment of a note of $300, due and payable on November 6, 1930. This mortgage was signed by Pete Cornelius by mark. There was no attesting witness to the instrument. The evidence, without conflict, shows that this mortgagor could not write his name.

The defendant asserted title to the property, as the purchaser at a sale of the car under a mortgage, alleged to have been given to one W. T. Martin, on January 27, 1930, to secure a note of $100, due and payable November 1, 1930. This mortgage antedated the mortgage to McGregor, the latter mortgage being dated September 6, 1930, and was recorded on September 8, 1930. The Martin mortgage was not recorded, but there was evidence before the court that McGregor knew of the Martin mortgage at the time he took his mortgage; but, in the view we take of the case, the recordation of the McGregor mortgage is of no moment, nor is it of any moment whether McGregor knew or did not know of the existence of the Martin mortgage at the time he took his mortgage.

Inasmuch as the plaintiff relied solely upon proof of title, and not upon prior possession, it was incumbent upon him to show, by the evidence, that at the time the suit was brought he had the legal title to the automobile, and the right to the immediate possession of the same. As otherwise expressed, the general rule is that to maintain detinue, or the corresponding statutory action for the recovery of chattels in specie (see Code 1923, § 7389 et seq.) the plaintiff must, at the commencement of the action, have a general or special property in the goods sought to be recovered, and must be entitled to the immediate possession. Minge v. Clark et al., 193 Ala. 447, 69 So. 421; Gafford v. Stearns, 51 Ala. 434; Mervine v. White, 50 Ala. 388; Pierce v. Jackson, 56 Ala. 599; Henderson v. Felts, 58 Ala. 590; Rees v. Coats, 65 Ala. 256; Jackson v. Rutherford, 73 Ala. 155; Russell v. Walker, 73 Ala. 315; Cooper v. Watson, 73 Ala. 252; Seals v. Edmondson, 73 Ala. 295, 49 Am. Rep. 51; Graham v. Myers, 74 Ala. 432; Gluck v. Cox, 75 Ala. 310.

Section 8033 of the Code provides: "A mortgage of personal property is not valid, unless made in writing and subscribed by the mortgagor."

In the case of Barksdale v. Bullington, 194 Ala. 624, 69 So. 891, this court held that the provisions of section 4288 of the Code of 1907, now section 8033 of the present Code, can be complied with only as required by section 1 of the Code.

The office of the attesting witness is, as pointed out in the Barksdale Case, supra, to prevent injustice and fraud being committed, and the provision requiring attestation is "intended as security against clandestine conveyances" and for the protection of the one who executes the instrument.

Section 1 of the Code provides, inter alia, that "signature" or "subscription" includes mark, "when the person can not write, his name being written near it, and witnessed by a person who writes his own name as a witness."

The mortgage upon which the plaintiff relied for a recovery was signed by the maker by mark, and his name so signed is not witnessed. This paper was, therefore, not efficacious to convey title to McGregor. Code, § 1; Barksdale v. Bullington, supra.

There is nothing in the holding in the case of Purser v. Smith et al., 200 Ala. 573, 76 So. 931, which militates against the conclusion now reached in this case. And it is to be noted that, since Chief Justice Anderson made his observation upon the propriety of the amendment of section 3355 of the Code of 1907, which was before the court in Purser's Case, supra, the section, as carried into the Code of 1923 (section 6838), embodies the suggestion made in the said case by the Chief Justice.

This cause was tried by the court without a jury, and resulted in a judgment for the plaintiff for the property sued for, or its al-

ternative value, which was ascertained by the court to be $75, and for the sum of $50 for the hire or use thereof during its detention.

Inasmuch as the plaintiff failed to establish by the evidence that he had a general or special property in the automobile, sought to be recovered, at the commencement of the suit, and the right to the immediate possession, it follows that the court erred in rendering judgment for the plaintiff, and should have rendered judgment for the defendant. In this view of the case, any error that the court may have committed in refusing to permit defendant to read in evidence the Martin mortgage is rendered innocuous.

It follows, therefore, that the judgment of the circuit court of Lawrence county will be here reversed, and judgment entered for the defendant.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

### On Rehearing.

#### KNIGHT, J.

Upon due consideration of the application for rehearing, we are of the opinion that the ends of justice will be best subserved by a reversal and remandment of the cause for new trial, rather than by entering a judgment here, and it is therefore accordingly ordered that this cause be, and the same is, reversed and remanded, instead of reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

### On Appellant's Application for Rehearing.

#### KNIGHT, J.

This cause was reversed for the failure of plaintiff to show a legal execution of the mortgage upon which he relied for recovery. We remanded the case for new trial. Appellant has now filed application for rehearing, insisting that we reverse and render and not remand the cause. This application must be overruled, as we are still persuaded the ends of justice will be best subserved by a remandment for new trial.

Inasmuch, however, as the question of the proper execution, vel non, of appellant's mortgage will arise upon another trial, we deem it proper to say that a personal property mortgage executed by a maker (whether the maker can or cannot write his name) by having another, in his presence, and by his direction, to sign the maker's name thereto, would be a validly executed instrument. This has been long the law of this state. Hamilton v.

Adams, 214 Ala. 440, 108 So. 1; Goldsmith v. Gates, 205 Ala. 633, 88 So. 861; Wright v. Forgy, 126 Ala. 389, 28 So. 198; Middlebrook v. Barefoot, 121 Ala. 642, 25 So. 102; Consolidated Motor Co. v. Malik, 207 Ala. 120, 92 So. 262; Lewis, Adm'r v. Watson, 98 Ala. 479, 13 So. 570, 22 L. R. A. 297, 39 Am. St. Rep. 82. The rule of the above decisions was not changed by the amendment of section 3355 of the Code of 1907, which section, as amended, appears as section 6838 of the Code of 1923. This latter section deals specifically with conveyances of land. The appellant's mortgage, in the state of the evidence when offered, was admissible, and the court should have overruled the plaintiff's objection thereto. The ruling of the court in refusing to allow defendant to read his mortgage in evidence was therefore erroneous. Whether the mortgage was in fact properly executed was a question to be determined by the court, or jury trying the case, upon a consideration of all the evidence.

We are still convinced that the ends of justice require a reversal and remandment of the cause for a new trial.

The appellant's application for rehearing is accordingly denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.