## HOLLIMON v. McGREGOR.
### 8 Div. 520.

Supreme Court of Alabama.

June 22, 1933.

Wm. L. Chenault, of Russellville, for appellant.

Lynne & Lynne, of Decatur, for appellee.

GARDNER, Justice.

Plaintiff claimed title to the property, the subject-matter of this suit, by mortgage executed by one Cornelius. Defendant claimed as a purchaser at the foreclosure sale of a mortgage executed by Cornelius to one Martin. The Martin mortgage was unrecorded, and plaintiff insists he knew nothing concerning it when he took his mortgage. Defendant offered proof to the contrary, and the decision of the case turns upon this issue of fact.

On former appeal (Hollimon v. McGregor, 225 Ala. 517, 143 So. 902), the judgment for plaintiff was reversed for failure on his part to show a legal execution of the mortgage upon which he relied, but upon the second trial its execution was duly proven by the attesting witness to the mortgage, though the record thereof in the probate office omitted the matter of attestation. As it was agreed in open court that this was the only discrepancy between the original mortgage and the record thereof, any other discrepancy, now suggested, needs no consideration.

The real merits of this appeal relate to the action of the court in denial of the motion for a new trial upon the ground the judgment rendered was against the great preponderance of the evidence. The cause was tried before the court without a jury, and the witnesses orally examined. A detailed discussion of the evidence would serve no useful purpose, and it may be conceded the case on the facts is one, the solution of which is not free from difficulty. The trial judge saw and heard the witnesses, and had opportunity to observe their demeanor on the stand as well as consider the reasons assigned for a failure of some of the witnesses to testify on the former trial to the matter testified to on this. The rule by which this court is governed in passing upon questions of this character is too well understood to need repetition here. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Millner v. State, 150 Ala. 95, 43 So. 194; Ward v. Shirley, 131 Ala. 568, 32 So. 489; Woodrow v. Hawving, 105 Ala. 240, 16 So. 720. Guided by that rule, after a careful consideration of the proof, we do not feel persuaded that the case is one wherein the judgment of the trial court should be here disturbed.

It will accordingly be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.